## HERO FRUIT-JAR CO. *v.* GRANT, Sheriff.

(*Supreme Court, General Term, First Department.* June 6, 1890.)

1. INDEMNIFYING BONDS—SUBSTITUTION OF INDEMNITORS.
  In an action against a sheriff for a wrongful levy, service on plaintiff's attorney, who procured the indemnity, of notice of an application by the sheriff to substitute his indemnitors as defendants in his stead, is not a sufficient compliance with Code Civil Proc. N. Y. § 1422, as amended by Laws N. Y. 1887, c. 452, which provides that, "where the application is made by the officer, notice of the application must be given to the indemnitors or their attorney."

2. APPEAL—REVIEW.
  That the objection to want of notice was not taken below cannot avail defendant, as, without proof of such notice, the court never acquired jurisdiction.

Appeal from special term, New York county.

Action by the Hero Fruit-Jar Company against Hugh J. Grant, sheriff of the city and county of New York. Defendant applied for an order substituting his indemnitors as defendants in his place, and from an order granting the motion plaintiff appeals. Code Civil Proc. N. Y. § 1422, as amended by Laws N. Y. 1887, c. 452, provides that, "where the application is made by

the officer, notice of the application must be given to the indemnitors or their attorney, and also to the attorney for the plaintiff."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. H. V. Arnold*, for appellant.    *W. F. Severance*, for respondent.

PER CURIAM.    The condition upon which applications of this kind may be granted is that, where the application is made by the officer, notice thereof must be given to the indemnitor or his attorney, and also to the attorney for the plaintiff.    In this case no notice whatever was given to the indemnitors, and the only service was upon the attorney for the plaintiff, who it is said acted for the indemnitors in and about giving the indemnity.    It is clear that this notice was entirely insufficient, as the attorney in procuring the indemnity was acting for the plaintiff, and in no manner represented the interest of the indemnitors.    The language of the Code is explicit that notice must be given to the indemnitors or their attorney, and also to the attorney for the plaintiff.    The point that this objection was not taken below cannot avail, because, without proof of such notice, the court never acquired jurisdiction. The order appealed from should be reversed, with $10 costs and disbursements.

All concur.